**KAZEROUNI LAW GROUP, APC**
Gor Antonyan, Esq. (SBN: 354718)
gor@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (SBN: 253265)
david@kazlg.com
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Brett Nestadt

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRETT NESTADT,**<br><br>Plaintiff,<br><br>vs.<br><br>**GREENBRIDGE FUNDING, LLC dba GREENBRIDGE CAPITAL,**<br><br>Defendant. | **Case No.:** 2:26-cv-13721<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227(c), et seq.**<br><br>**JURY TRIAL DEMANDED** |

//

//

//

//

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff **BRETT NESTADT** ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies arising from the unlawful actions of Defendant **GREENBRIDGE FUNDING, LLC dba GREENBRIDGE CAPITAL** ("Defendant"). Plaintiff asserts that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), by sending unsolicited text messages to Plaintiff's cellular phone number, which is registered with the National Do-Not-Call Registry.

2. Plaintiff alleges the following upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

3. This action seeks to enforce important consumer privacy protections under federal law. The TCPA was enacted by Congress to protect individuals from intrusive telemarketing practices, including the receipt of unwanted and unauthorized text messages to phone numbers registered on the National Do-Not-Call Registry.

4. Plaintiff's claim under the TCPA arises from multiple unsolicited marketing text messages sent by Defendant to Plaintiff's mobile phone without prior express invitation or permission, and despite his number being registered on the National Do-Not-Call Registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) and (e).

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction prohibiting Defendant from continuing its unsolicited marketing practices, as well as an award of statutory damages for each violation, treble damages for knowing and/or willful violations, costs of suit, and other relief as provided by law.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, the TCPA.

KAZEROUNI LAW GROUP, APC

7. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly conducts business in this District and purposefully directs its financing and marketing activities toward California residents, including Plaintiff. The unlawful text-message solicitations alleged in this Complaint were directed to and received by Plaintiff in this District, and Plaintiff's claims arise from those contacts.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District, including Plaintiff's receipt of Defendant's unsolicited text messages. Plaintiff resides in the State of California, County of Los Angeles.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant GREENBRIDGE FUNDING, LLC dba GREENBRIDGE CAPITAL is a limited liability company that regularly conducts business in the State of California, including marketing financing products and sending unsolicited text messages to California residents.

11. Defendant is, and at all times relevant herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

13. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such

act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

14. Defendant is a financial services company that markets business funding and related financing products nationwide, including within the State of California. Through its marketing activities, Defendant targets California residents, regularly engaging in telephonic and electronic communications within the state in the course of its commercial operations.

15. In Defendant's overzealous attempt to market its services, however, Defendant willfully or knowingly sent unsolicited marketing text messages to Plaintiff, whose cellular telephone number was registered on the National Do-Not-Call Registry.

16. Through this conduct, Defendant has invaded the Plaintiff's privacy.

17. At all times relevant, Plaintiff was a resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant is a limited liability company and a "person" as defined by 47 U.S.C. § 153(39).

19. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

20. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number (310) 270-8564 ("Cell Phone").

21. Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to his Cell Phone.

22. Plaintiff's Cell Phone is assigned to him as his personal cellular telephone, and Plaintiff uses his Cell Phone primarily for calls with his friends and family and other personal matters. Plaintiff uses his Cell Phone as a residential telephone.



KAZEROUNI LAW GROUP, APC

**23.** Plaintiff's Cell Phone was added to the National Do-Not-Call Registry on or about June 7, 2016.

24. From October 2, 2024, through on or about March 30, 2026, Defendant sent at least 40 unsolicited text messages to Plaintiff's Cell Phone.

25. Plaintiff is informed and believes, and thereon alleges, that the unsolicited text messages were sent by or on behalf of Defendant using SMS short code 36914.

26. The text messages identified the sender as "GreenBridge Capital" and directed Plaintiff to apply for business funding at www.greenbridgecapital.com/apply or greenbridgecapital.com/apply/sms.

27. For example, on October 2, 2024, Defendant sent Plaintiff a text message stating: "(GreenBridge Capital) Business Funding Made Easy! Up to $500K Today with Competitive Rates! Apply now at www.greenbridgecapital.com/apply STOP to end". Defendant sent additional business-funding solicitations on October 15, October 23, and October 31, 2024.

28. Each of the text messages sent by Defendant to Plaintiff's Cell Phone was intended to induce Plaintiff to purchase Defendant's products or services.

29. The text messages received by Plaintiff constitute telephone solicitations pursuant to 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's financing services.

30. Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did he give Defendant permission to send him marketing text messages.

31. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

32. Plaintiff did not have a personal relationship with Defendant at any point in time.



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

33. Plaintiff did not give Defendant prior express invitation or permission in writing to send text messages to Plaintiff's Cell Phone for marketing or solicitation purposes.

34. Defendant sent at least 40 unsolicited text messages to Plaintiff's Cell Phone after it had been registered on the National Do-Not-Call Registry for more than 31 days. Plaintiff's Cell Phone remained registered throughout the period in which Defendant sent the unsolicited text messages.

35. These unwanted solicitations from Defendant are a nuisance, an invasion of privacy, and wasted Plaintiff's time and enjoyment in use of his personal cellular telephone. All three of these injuries are concrete and *de facto*.

36. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time reviewing and addressing the unwanted text messages.

37. The above telephone solicitations were directly and explicitly linked to Defendant through the identification of GreenBridge Capital and the business-funding application links in the messages. These text messages caused Plaintiff's injuries, which are directly traceable to Defendant's conduct.

38. Defendant continued sending unsolicited text messages throughout 2025 and into 2026, including on January 5, January 15, February 25, February 27, March 17, and on or about March 30, 2026.

39. For example, on March 17, 2026, Defendant sent Plaintiff a text message stating: "(GreenBridge Capital) Secure up to $500K in business funding. Quick, easy, and tailored to you! Apply today: greenbridgecapital.com/apply/sms STOP to end".

40. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c), including the National Do-Not-Call provision in 47 C.F.R. § 64.1200(c)(2).

41. The text messages were commercial solicitations and were not sent by or on behalf of a tax-exempt nonprofit organization.

KAZEROUNI LAW GROUP, APC

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 C.F.R. § 64.1200(c)(2) and (e), 47 U.S.C. § 227(c)(5)

42. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

43. Plaintiff received more than one marketing text message within a 12-month period, sent by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without Plaintiff's prior express invitation or permission.

44. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

45. Defendant sent multiple unsolicited and unauthorized text messages to Plaintiff's residential Cell Phone, which was registered on the National Do-Not-Call Registry, for the purpose of marketing goods and/or services to Plaintiff, in violation of 47 C.F.R. § 64.1200(c)(2) and (e).

46. Upon information and belief, Defendant knew that it did not have Plaintiff's prior express invitation or permission to send these text messages and knew or should have known that it was contacting a cellular number on the National Do-Not-Call Registry in violation of the TCPA.

47. Defendant willfully or knowingly allowed text messages to be sent to Plaintiff's Cell Phone, which was on the National Do-Not-Call Registry. For instance, Defendant could have determined from a review of its own business records and the National Do-Not-Call Registry that it could not contact Plaintiff; yet it disregarded such information and sent illegal and unwanted solicitation text messages.

48. Defendant's text messages caused Plaintiff actual harm including, but not limited to, invasion of his personal privacy, aggravation, inconvenience, nuisance, disruption in his daily life, and interference with the use and enjoyment of his Cell Phone.

KAZEROUNI LAW GROUP, APC

49. Because Defendant's violations were knowing or willful, Plaintiff requests that the Court exercise its discretion to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(c)(5).

50. As a result of Defendant's violations, Plaintiff seeks statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(c)(5)(B), increased to $1,500.00 for each knowing or willful violation pursuant to 47 U.S.C. § 227(c)(5). Plaintiff alternatively seeks actual monetary loss if greater, without duplicative recovery for the same violation.

51. Plaintiff is also entitled to and seeks injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A);
- Actual monetary loss for Defendant's violations of the TCPA, or statutory damages as set forth below, whichever is greater, pursuant to 47 U.S.C. § 227(c)(5)(B);
- Statutory damages of $500.00 for each of Defendant's violations of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);
- An increase of statutory damages to $1,500.00 for each of Defendant's knowing or willful violations of the TCPA pursuant to 47 U.S.C. § 227(c)(5), without duplicative recovery for the same violation;
- Costs of suit;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 24, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ David McGlothlin*____
David J. McGlothlin, Esq.
david@kazlg.com
*Attorneys for Plaintiff*